ORIGINAL

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5

6  Attorneys for Plaintiff

7

8

9                  UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11

12

13  BARBARA HUBBARD,                No.  '08 CV 0336 JAH POR

14        Plaintiff,

15        vs.                       **Plaintiff's Complaint**

16  S & C RAMIREZ ENTERPRISES,
17  INC. dba McDONALD'S;
    McDONALD'S CORP.,
18
19        Defendants.

20

21

22

23

24

25

26

27

28

*Hubbard v. S & C Ramirez Enterprises, Inc. et al.*
Plaintiff's Complaint

I. SUMMARY

1.    This is a civil rights action by plaintiff Barbara Hubbard ("Hubbard") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

McDonald's
707 West San Ysidro Boulevard
San Ysidro, CA 92173
(hereafter "the Restaurant")

2.    Hubbard seeks damages, injunctive and declaratory relief, attorney fees and costs, against S & C Ramirez Enterprises, Inc. dba McDonald's and McDonald's Corp. (collectively "McDonald's") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Hubbard's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

IV. PARTIES

7.    McDonald's owns, operates, or leases the Restaurant, and consists of a person (or persons), firm, or corporation.

8.      Hubbard has multiple conditions that affect one or more major life functions.  She requires the use of motorized wheelchair and a mobility-equipped vehicle, when traveling about in public.  Consequently, Hubbard is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.      The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.     Hubbard visited the Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.   To the extent known by Hubbard, the barriers at the Restaurant included, but are not limited to, the following:

- Tow away signage is not posted at all entrances;
- The entrances that do have tow away signage posted use incorrect signs;
- The International Symbol of Accessibility ("ISA") painted inside the accessible parking stall is not the correct sign;
- The platform at the bottom of the ramp is not 60 inches by 60 inches;
- There is an abrupt change in elevation at the end of the access aisle due to the protruding ramp;
- The accessible route to the Restaurant has multiple areas where the slope and/or cross slope exceed 2.0%;
- The platform at the end of the ramp has a cross slope that exceeds 2.0%;
- There is no ISA on the pull side of the entrance door;
- The food service counter is too high and does not have a lowered portion to accommodate patrons in wheelchairs;
- There is no seating properly designated as being accessible to the disabled;

*Hubbard v. S & C Ramirez Enterprises, Inc. et al.*
Plaintiff's Complaint

- There is no accessible seating provided that has a space 30 inches wide by 27 inches high by 19 inches deep to accommodate a wheel chair patron (*See* Figure 45);
- The restroom door lacks the required strike side clearance on the pull side;
- The stall door is not self-closing;
- The lock on the inside of the stall door is mounted too high; and,
- There is an excessive cross slope on the platform in front of the entrance door.

These barriers prevented Hubbard from enjoying full and equal access.

11.    Hubbard was also deterred from visiting the Restaurant because she knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12.    Hubbard also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to her disability. Nothing within this Complaint, however, should be construed as an allegation that Hubbard is seeking to remove barriers unrelated to her disability.

13.    McDonald's knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, McDonald's has the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the Restaurant accessible to the physically disabled.  To date, however, McDonald's refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.    At all relevant times, McDonald's has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act

*Hubbard v. S & C Ramirez Enterprises, Inc. et al.*
Plaintiff's Complaint

1  Accessibility Guidelines and Title 24 regulations. McDonald's has not removed
2  such impediments and has not modified the Restaurant to conform to
3  accessibility standards. McDonald's has intentionally maintained Restaurant in
4  its current condition and has intentionally refrained from altering the Restaurant
5  so that it complies with the accessibility standards.

6      15.    Hubbard further alleges that the (continued) presence of barriers at
7  the Restaurant is so obvious as to establish McDonalds' discriminatory intent.[1]
8  On information and belief, Hubbard avers that evidence of this discriminatory
9  intent includes McDonalds' refusal to adhere to relevant building standards;
10 disregard for the building plans and permits issued for the Restaurant;
11 conscientious decision to the architectural layout (as it currently exists) at the
12 Restaurant; decision not to remove barriers from the Restaurant; and allowance
13 that the Restaurant continues to exist in its non-compliant state. Hubbard further
14 alleges, on information and belief, that McDonald's is not in the midst of a
15 remodel, and that the barriers present at the Restaurant are not isolated (or
16 temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

20     16.    Hubbard incorporates the allegations contained in paragraphs 1
21 through 15 for this claim.

22     17.    Title III of the ADA holds as a "general rule" that no individual
23 shall be discriminated against on the basis of disability in the full and equal
24 enjoyment (or use) of goods, services, facilities, privileges, and accommodations
25 offered by any person who owns, operates, or leases a place of public
26 accommodation. 42 U.S.C. § 12182(a).

27

28

---

[1]  E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[2]  Id.; 28 C.F.R. § 36.211(b)
*Hubbard v. S & C Ramirez Enterprises, Inc. et al.*
Plaintiff's Complaint

18.    McDonald's discriminated against Hubbard by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

19.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).    The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.    Here, Hubbard alleges that McDonald's can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that McDonald's violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.    In the alternative, if it was not "readily achievable" for McDonald's to remove the Restaurant's barriers, then McDonald's violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

23.    On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and

*Hubbard v. S & C Ramirez Enterprises, Inc. et al.*
Plaintiff's Complaint

1  usable by, individuals with disabilities when it was structurally practicable to do
2  so. 42 U.S.C. § 12183(a)(1).

3      25.    Here, McDonald's violated the ADA by designing or constructing
4  (or both) the Restaurant in a manner that was not readily accessible to the
5  physically disabled public—including Hubbard—when it was structurally
6  practical to do so.[3]

7              Failure to Make an Altered Facility Accessible

8      26.    On information and belief, the Restaurant was modified after
9  January 26, 1992, independently triggering access requirements under the ADA.

10     27.    The ADA also requires that facilities altered in a manner that affects
11  (or could affect) its usability must be made readily accessible to individuals with
12  disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering
13  an area that contains a facility's primary function also requires adding making
14  the paths of travel, bathrooms, telephones, and drinking fountains serving that
15  area accessible to the maximum extent feasible. Id.

16     28.    Here, McDonald's altered the Restaurant in a manner that violated
17  the ADA and was not readily accessible to the physically disabled public—
18  including Hubbard—to the maximum extent feasible.

19          Failure to Modify Existing Policies and Procedures

20     29.    The ADA also requires reasonable modifications in policies,
21  practices, or procedures, when necessary to afford such goods, services,
22  facilities, or accommodations to individuals with disabilities, unless the entity
23  can demonstrate that making such modifications would fundamentally alter their
24  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

25     30.    Here, McDonald's violated the ADA by failing to make reasonable
26  modifications in policies, practices, or procedures at the Restaurant, when these

27  _____

28  [3]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
       private attorney general under either state or federal statutes.
       *Hubbard v. S & C Ramirez Enterprises, Inc. et al.*
       Plaintiff's Complaint

1   modifications were necessary to afford (and would not fundamentally alter the
2   nature of) these goods, services, facilities, or accommodations.

3       31.    Hubbard seeks all relief available under the ADA (*i.e.*, injunctive
4   relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
5   U.S.C. § 12205.

6       32.    Hubbard also seeks a finding from this Court (*i.e.,* declaratory
7   relief) that McDonald's violated the ADA in order to pursue damages under
8   California's Unruh Civil Rights Act or Disabled Persons Act.

9                            VII. SECOND CLAIM
10                          **Disabled Persons Act**

11      33.    Hubbard incorporates the allegations contained in paragraphs 1
12   through 30 for this claim.

13      34.    California Civil Code § 54 states, in part, that: Individuals with
14   disabilities have the same right as the general public to the full and free use of
15   the streets, sidewalks, walkways, public buildings and facilities, and other public
16   places.

17      35.    California Civil Code § 54.1 also states, in part, that: Individuals
18   with disabilities shall be entitled to full and equal access to accommodations,
19   facilities, telephone facilities, places of public accommodation, and other places
20   to which the general public is invited.

21      36.    Both sections specifically incorporate (by reference) an individual's
22   rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

23      37.    Here, McDonald's discriminated against the physically disabled
24   public—including Hubbard—by denying them full and equal access to the
25   Restaurant.  McDonald's also violated Hubbard's rights under the ADA, and,
26   therefore, infringed upon or violated (or both) Hubbard's rights under the
27   Disabled Persons Act.

28

*Hubbard v. S & C Ramirez Enterprises, Inc. et al.*
Plaintiff's Complaint

38.    <u>For each offense</u> of the Disabled Persons Act, Hubbard seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.    She also seeks to enjoin McDonald's from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act

40.    Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.    McDonalds' aforementioned acts and omissions denied the physically disabled public—including Hubbard—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Hubbard by violating the Unruh Act.

*Hubbard v. S & C Ramirez Enterprises, Inc. et al.*
Plaintiff's Complaint

46.    Hubbard was damaged by McDonalds' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47.    Hubbard also seeks to enjoin McDonald's from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.    Hubbard incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.    Hubbard alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52.    McDonalds' non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Hubbard and other persons with physical disabilities.  Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Hubbard prays judgment against McDonald's for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

*Hubbard v. S & C Ramirez Enterprises, Inc. et al.*
Plaintiff's Complaint

2.      Declaratory relief that McDonald's violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.[4]

5.      Interest at the legal rate from the date of the filing of this action.


DATED: February 20, 2008          DISABLED ADVOCACY GROUP, APLC


LYNN HUBBARD, III
Attorney for Plaintiff

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Hubbard v. S & C Ramirez Enterprises, Inc. et al.*
Plaintiff's Complaint

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
BARBARA HUBBARD

**DEFENDANTS**
S & C RAMIREZ ENTERPRISES, INC. dba McDONALD'S; McDONALD'S CORPORATION

(b) County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DISABLED ADVOCACY GROUP, APLC  (530) 895-3252
12 WILLIAMSBURG LANE CHICO, CA 95926

Attorneys (If Known)

08 FEB 21  PM 3:29

BY:                    DEPUTY

'08 CV 0336 JAH POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| | | ☐ 380 Other Personal Property Damage | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE
02/20/2008

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # 147932   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

SW 2/21/08

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 147932     — SH

# February 21, 2008
# 15:34:49

## Civ Fil Non-Pris

USAO #.: 08CV0336
Judge..: JOHN A HOUSTON
Amount.:                    $350.00 CK
Check#.: BC18573

## Total—> $350.00

FROM: HUBBARD V. S&C RAMIREZ ENTERPR